**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

NICHOLE COLLINS,

     Plaintiff,

v.                                 Case No.  5:25-cv-195-MW/MJF

KOS 11838 LLC, *et al.*,

     Defendants.

---

**REPORT AND RECOMMENDATION**

Plaintiff moves for a default judgment against five Defendants—Plaintiff's former joint employers—on a Fair Labor Standards Act overtime pay claim and a breach-of-contract claim. Doc. 28. Because Defendants have defaulted, and Plaintiff has stated an FLSA claim and a breach-of-contract claim, the District Court should grant Plaintiff's motion for a default judgment and award damages, costs, and attorney's fees.

**BACKGROUND**

**A.    Procedural Background**

On August 4, 2025, Plaintiff filed this civil action against six

Defendants whom Plaintiff alleges were her joint employers: (1) KOS 11838 LLC; (2) WOW Scooters, Inc.; (3) MOT Dead Sea, Inc.; (4) BHNVN, Inc.; (5) Adi Rahatlev; and (6) Shoham Menaem. Doc. 1 at 2. On September 26, 2025, Plaintiff served Rahatlev and Menaem. Docs. 4, 5. On October 24, 2025, Plaintiff served BHNVN, MOT Dead Sea, and WOW Scooters. Docs. 7, 8, 9. On November 7, 2025, Plaintiff served KOS 11838. Doc. 16.

### 1.   *Dismissal of Plaintiff's Claims Against Menaem*

On October 30, 2025, Menaem filed a motion to dismiss. Doc. 14. Plaintiff did not oppose the motion. Doc. 19. The District Court, therefore, dismissed Plaintiff's claims against Menaem. Doc. 20.

### 2.   *The Undersigned Struck MOT Dead Sea's Response*

On October 31, 2025, Rahatlev filed a response to the complaint on behalf of MOT Dead Sea. Doc 15. On November 18, 2025, the undersigned informed Rahatlev that, as a *pro se* litigant, he could not represent MOT Dead Sea. The undersigned, therefore, struck MOT Dead Sea's response that Rahatlev had filed. Doc. 17.

### 3.   *The Defendants Failed to Respond*

The undersigned ordered Rahatlev to file a responsive pleading by

December 2, 2025, and ordered MOT Dead Sea to retain counsel and have its attorney file a notice of appearance by December 18, 2025. *Id.* at 5.

Rahatlev has failed to respond to Plaintiff's complaint. Furthermore, no attorney has filed a notice of appearance on behalf of MOT Dead Sea or on behalf of BHNVN, KOS 11838, or WOW Scooters.

### 4.   *The Clerk Entered Defaults*

On January 2, 2026, Plaintiff filed a "First Motion for Entry of Default" against BHNVN, KOS 11838, MOT Dead Sea, and WOW Scooters. Docs. 23, 24, 25, 26. On January 5, 2026, the clerk of the court entered default against these Defendants. Doc. 27. On February 13, 2026, Plaintiff filed a "First Motion for Entry of Default" against Rahatlev, and the clerk of the court entered default against Rahatlev. Doc. 28.

### 5.   *Plaintif's Motion for a Default Judgment*

On January 29, 2026, Plaintiff filed her motion for a default judgment. Doc. 29.

On March 4 and March 9, 2026, Rahatlev filed responses in opposition to Plaintiff's motion for a default judgment. Docs. 31 & 32. On March 13, 2026, Plaintiff filed a reply. Doc. 33.

**6.**   *Rahatlev's Motion to set aside the Clerk's Default*

Embedded in Rahatlev's responses to Plaintiff's motion for a default judgment, Rahatlev moved to set aside the clerk's default. Docs. 31 & 32. The undersigned denied these motions because they lacked any merit. Doc. 39. Defendants did not object to that order.

**B.**   **Factual Background**

According to Plaintiff, Defendants BHNVM, KOS 11838, MOT Dead Sea, and WOW Scooters "are Florida [c]ompanies engaged in the business of services and experiences related to golf carts" in Bay County, Florida. Doc. 1 at 4. Defendant Rahatlev operates these corporations. *Id.*

Plaintiff worked for two of Rahatlev's businesses: "Golf Cart Kingdom" and "King of Scooters." BHNVN, KOS 11838, MOT Dead Sea, and WOW Scooters jointly own Golf Cart Kingdom, while MOT Dead Sea owns King of Scooters. *Id.* at 3–4.

Plaintiff alleges that Defendants employed her as a salesperson from June 21, 2021, to July 11, 2025. *Id.* at 2. Plaintiff's job duties "included performing sales on golf carts and scooters that were owned, sold, and/or rented by the Defendants" and she was "paid a rate of approximately $15.00 per hour." *Id.* at 5. Plaintiff "frequently worked

over 40 hours per week" and "was promised commission based on the total sales of the store" beyond her normal rate of pay. *Id.* However, from March 1, 2025, to July 11, 2025, Defendants "failed to pay [Plaintiff] overtime wages for the hours worked over 40 per week" and Plaintiff was additionally "not paid for all hours worked." *Id.* In her motion for a default judgment, Plaintiff seeks damages, attorney's fees, and costs. Doc. 28 at 12.

## DISCUSSION

### A.   <u>The Standard for a Default Judgment</u>

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. *Devengoechea v. Bolivarian Republic of Venezuela*, 155 F.4th 1267, 1269 (11th Cir. 2025); *Murphy v. Stacy*, 809 F. App'x 677, 680 (11th Cir. 2020) (citing Fed. R. Civ. P. 55). A court may enter a default judgment only if the plaintiff's underlying claims are plausible. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *see Marshall v. Baggett*, 616 F.3d 849, 852–53 (8th Cir. 2010); *Nishimatsu Constr. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The standard for a "default judgment is like a reverse motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245. A

plaintiff's well-pleaded factual allegations, which a defaulting defendant is deemed to have admitted, must state a claim for relief. *Id.*; *see Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1277 (11th Cir. 2005). If the district court determines that a plaintiff has not stated a plausible claim for relief, the court cannot grant the default judgment and instead must dismiss the claim. *See Surtain*, 789 F.3d at 1248–49; *Cotton*, 402 F.3d at 1294.

## B.   <u>Plaintiff States a Claim for Relief under the FLSA</u>

Plaintiff asserts that all remaining Defendants violated the FLSA by failing to pay her an overtime premium. Doc. 1 at 5.

The FLSA provides that employers must pay employees who qualify for FLSA protection and who work more than forty hours per week "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). Section 216(b) of the FLSA creates a cause of action for an employee whose employer violates Section 207. To state a claim for failure to pay FLSA's overtime premium a plaintiff must allege at least the following:

(1) the defendant employed plaintiff;

Page 6 of 17

(2) the plaintiff is "covered" by the FLSA through "individual coverage" or "enterprise coverage;"

(3) at the time defendant employed the plaintiff, the defendant engaged in interstate commerce;

(4) the plaintiff worked for defendant more than 40 hours during at least one week;

(5) the defendant knew or should have known that plaintiff worked more than 40 hours in a single week; and

(6) for the hours plaintiff worked in excess of 40 hours per week, the defendant failed to pay the plaintiff 1.5 times the plaintiff's regular rate of pay.

*Galarza v. One Call Claims, LLC*, 156 F.4th 1156, 1162 (11th Cir. 2025); *Guevara v. Lafise Corp.*, 127 F.4th 824, 829–30 (11th Cir. 2025); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011); *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012); *see also Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

Because Plaintiff has alleged facts in support of each of these elements, she has stated a plausible claim for relief under the FLSA.

## C.    Plaintiff States a Breach-of-Contract Claim

Plaintiff also asserts a claim for breach of contract against all remaining Defendants. Under Florida law, a breach of contract claim "requires . . . the existence of a contract, the breach of the contract, and damages resulting from the breach." *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1217 (11th Cir. 2018) (citing *DNA Sports Performance Lab v. Club Atlantis Condo. Assoc., Inc.*, 219 So. 3d 107, 109 (Fla. 3d DCA 2017)).

Because Plaintiff has alleged facts in support of each of these elements, Plaintiff has stated a plausible breach of contract claim. Accordingly, Plaintiff is entitled to a default judgment on this claim.

## D.    Damages

Plaintiff seeks damages for "the back wages she is owed" and "her unpaid overtime wages" arising from the FLSA violation and seeks damages for "unpaid commission" arising from the breach-of-contract claim. Doc. 28 at 4–5.

When entering a default judgment, a district court must determine the amount of damages. Fed. R. Civ. P. 55(b). When the record contains sufficient evidence from which the court can determine a plaintiff's

damages, a federal court is not required to hold a hearing on this issue. *See Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015); *Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 393 (11th Cir. 2018). Here, the record contains sufficient evidence from which the District Court can determine the amount of damages.

### 1. *Overtime Premium Wage*

In an FLSA claim, a plaintiff carries his burden when he "produces sufficient evidence to show the amount and extent" of work performed for which he is claiming wages. *Brown v. Family Dollar Stores of Ind., LP,* 534 F.3d 593, 595 (7th Cir. 2008). Ordinarily, the employer then has the burden to "produce evidence of the precise amount of work performed or to negate the reasonableness" of the Plaintiff's claimed amount. *Id.* But "[i]n the case of a default, the employer has, by definition, failed to meet its burden." *Coleman v. Expert Care Nursing Registry, Inc.*, 2019 WL 13261029, at *2 (S.D. Fla. Jan. 23, 2019). In such cases, "an award based on estimates is appropriate." *Id.*

By affidavit, Plaintiff states that Defendants failed to pay her an overtime premium wage for 40 hours of work per week between March 1, 2025, and July 6, 2025, a period of 18 weeks. Doc. 28 at 16.

Plaintiff also states that Defendants failed to pay her an overtime premium wage for 34.10 hours of work between July 7, 2025, and July 13, 2025. Doc. 41 at 2.

Plaintiff's regular rate of pay was $15.00 per hour—which Defendants paid to Plaintiff—resulting in an overtime "premium" of an additional $7.50/hour—which Defendants failed to pay. Doc. 28 at 16.

| Unpaid Overtime Rate | Hours Worked Per Week in Excess of 40 Hours | Weeks Worked | Amount Owed |
|---|---|---|---|
| $7.50/hour | 40 | 18 (Weeks 1-18) | $5,400.00 |
| $7.50/hour | 34.10 | 1 (Week 19) | $255.75 |
| **Total** | | | **$5,655.75** |

### 2.    *Liquidated Damages Under the FLSA*

The FLSA also entitles Plaintiff to liquidated damages equal to the amount of wages Defendants owe to Plaintiff. *See* 29 U.S.C. § 216(b). Therefore, based on the rates and hours attested to, Plaintiff is entitled to **$5,655.75** in liquidated damages.

### 3.    *Total Damages Under the FLSA*

The sum of damages to which Plaintiff is entitled for her FLSA claim is **$11,311.50**.

### 4.   *Damages for Plaintiff's Breach-of-Contract Claim*

By affidavit, Plaintiff states that "Defendants agreed and promised that from March 1, 2025 through May 22, 2025," she "would receive 10% commission on total store sales." Doc. 28 at 17. Additionally, "Defendants agreed and promised that from May 23, 2025 through July 11, 2025," Plaintiff "would receive a 20% commission on total store sales." *Id.*

| Period of Sales | Commission | Total Sales | Amount Owed |
|---|---|---|---|
| March 1, 2025 to May 22, 2025 | 10% | $66,000 | $6,600 (10% of $66,000) |
| May 23, 2025 to July 11, 2025 | 20% | $38,500 | $7,700 (20% of $38,500) |
| **Total** | | | **$14,300.00** |

Plaintiff attests that she sold $66,000 worth of goods during the 10% commission period and $38,500 worth of goods during the 20% commission period. *Id.* Based on the sales and commission amounts attested to, Plaintiff is entitled to **$14,300.00** in damages for her breach of contract claim.

### E.   Attorney's Fees

Plaintiff also seeks to recover attorney's fees. Doc. 28 at 4. A party who prevails on an FLSA claim is entitled to recover reasonable

attorney's fees. *See* 29 U.S.C. § 216(b).

### 1.    *The Hourly Rates*

Plaintiff seeks $425 per hour for work performed by attorney Jeremiah J. Talbott, $300 per hour for work performed by Talbott's law firm associate, and $200 per hour and $165 per hour for work performed by Talbott's two paralegals. *Id.* at 4–5.

A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). The relevant community is the place where the case was filed. *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299. Nevertheless, a district court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303.

Page 12 of 17

Here, Plaintiff's counsel provided a sworn declaration attesting to the reasonableness of fees claimed as well as an affidavit from another attorney attesting to the reasonableness of fees claimed by Plaintiff's counsel. Doc. 28 at 29; Doc. 37-1 at 1. The rates charged are within the range of the prevailing market for comparable work.

### 2. *The Amount of Time Expended*

| Attorney/Paralegal | Hourly Rate | Time Expended | Fees |
|---|---|---|---|
| Jeremiah Talbott (attorney) | $425.00 | 13.1 hours | $5,567.50 |
| Susan Delbosq (attorney) | $300.00 | 6.9 hours | $2,070.00 |
| Sara Perez-Rendon (senior paralegal) | $200.00 | 13.7 hours | $2,740.00 |
| Briana Scott (paralegal) | $165.00 | 3.1 hours | $511.50 |
| **Total** | | | **$10,889.00** |

The number of hours expended appears reasonable. Accordingly, Plaintiff is entitled to **$10,889.00** in attorney's fees

## F.    <u>Costs</u>

Plaintiff also seeks to recover her litigation costs. Doc. 28 at 4. A party who prevails on an FLSA claim is entitled to recover "costs of the

action." *See* 29 U.S.C. § 216(b). Rule 54(d)(1) of the Federal Rules of Civil Procedure also provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." "Absent explicit statutory or contractual authorization for the taxation of the expenses . . ., federal courts are bound by the limitations set out in" 28 U.S.C. § 1920. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

### 1.    *The Filing Fee*

The filing fee is a compensable cost. *See* 28 U.S.C. § 1920(1); *see Gonzalez v. City of Hialeah*, 760 F. App'x 840, 842 (11th Cir. 2019); *Kalitta Air L.L.C. v. Central Texas Airborne Sys. Inc.*, 741 F.3d 955, 857 (9th Cir. 2013); *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986). Accordingly, Plaintiff is entitled to recover **$405.00** in costs for payment of the filing fee.

### 2.    *The Costs of Postage*

Postage costs are not compensable. *Johnston v. Borders*, 36 F.4th 1254, 1288 n.65 (11th Cir. 2022) (per curiam) (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996)); *Johnson Tr. of Operating Eng'rs Loc. #49 Health & Welfare Fund v. Charps Welding &*

Page 14 of 17

*Fabricating, Inc.*, 950 F.3d 510, 527 (8th Cir. 2020).

### 3.    *The Costs of Service of Process*

A court may tax as costs the "[f]ees of the clerk and marshal[.]" 28 U.S.C. § 1920(1). This includes the costs of private process server fees so long as the private process server's fees do not exceed the statutory fees authorized in section 1921. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The statutory limit for fees charged by the United States Marshals Service for personal service are set forth in 28 C.F.R. § 0.114, which provides that the fee is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).

Plaintiff seeks $610.00 in recovery for service of process costs:

| Defendant | Cost of Service |
|---|---|
| Adi Rahatlev | $85.00 |
| BHNVN, Inc. | $210.00 |
| MOT Dead Sea, Inc. | $110.00 |
| WOW Scooters, Inc. | $110.00 |
| KOS 11838, LLC | $95.00 |
| **Total** | **$610.00** |

Doc. 43 at 3. Plaintiff attests that she "has no reason to believe the flat fees exceed the $65.00 per hour (or portion thereof) plus travel cost

permitted under applicable cost standards . . . ." *Id.* at 2. Accordingly,

Plaintiff is entitled to recover **$610.00** for service of process.

### 4.    *Conclusion Regarding Costs*

Plaintiff is entitled to recover the following costs:

| Costs | Amount |
|---|---|
| Filing Fee | $405.00 |
| Service of Process | $610.00 |
| **Total** | **$1,015.00** |

CONCLUSION

For the reasons set forth above, the undersigned respectfully

**RECOMMENDS** that the District Court:

1.    **GRANT** Plaintiff's "Motion for Default Final Judgment and

Attorney's Fees and Cost," Doc. 28; and

2.    **ENTER** judgment against Defendants in the amount of

$37,515.50—$25,611.50 in damages, $10,889.00 in attorney's fees, and

$1,015.00 in costs.

At Pensacola, Florida, this 3rd day of June 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**